IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DALE BRANDON,

                        Plaintiff,                       Case No. 3:06 CV 7046

        -vs-

                                                   MEMORANDUM  OPINION

MODINE MANUFACTURING,

                        Defendant.

KATZ, J.

## Background

The plaintiff in this case, Dale Brandon ("Brandon") is *pro se*. Doc. 2, 3. He filed a complaint ("first complaint") against Defendant Modine Manufacturing ("Modine") on February 9, 2006. Doc. 1. Finding the first complaint to lack proper pleadings, this Court ordered Brandon to amend it. Doc. 3. Brandon did so and filed an amended complaint on March 31, 2006 ("second complaint") alleging breach of employment contract and discrimination in violation of Title VII. Doc. 4. Modine filed a motion to dismiss Brandon's complaint on May 17, 2006. Doc. 9 (filed in error), 10, 11. Brandon opposed the motion, Doc. 15, and Modine replied, Doc. 16. At that point, Brandon filed a surreply, Doc. 22, and a motion for leave to file an amended complaint, Doc. 21, which Modine has opposed, Doc. 23.

Before the Court at this juncture are Modine's motion to dismiss, Doc. 10, 11, which this Court hereby denies in part and grants in part, and Brandon's motion for leave to file an amended complaint, Doc. 21, which this Court hereby grants. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## Discussion

### I. Brandon's Claims of Title VII Discrimination and Retaliation

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2).  At a minimum this statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Further, the Sixth Circuit has held that a pleading must contain more than "bare assertions of legal conclusions ... to satisfy federal notice pleading requirements." *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988); *Wheeler v. Park National Holding Corp.*, No. 2:05-cv-00839, 2006 WL 1064057 at *2 (S.D. Ohio April 21, 2006).

Moreover, though courts afford *pro se* complaints a measure of leniency, the Sixth Circuit has held that *pro se* complaints must satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).  Despite this leniency, *pro se* plaintiffs still must "conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).  While the Court will hold *pro se* plaintiffs to less stringent standards for pleading their claims than parties who are represented by counsel, *see e.g., Evans v. Bob Evans Farms, Inc.*, No. 05-cv-70861, 2005 WL 1684142 at *3 (E.D. Mich. July 15, 2005), a *pro se* complainant must still satisfy basic pleading requirements.

Before a plaintiff may enforce a sex discrimination claim in federal court, she must first file a complaint with the Equal Employment Opportunity Commission ("EEOC").  While the filing requirement is not jurisdictional in nature, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), it is nonetheless a necessary prerequisite to suit.  *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984).  *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999).

The purpose of the filing requirement is to give the employer notice of the alleged wrongdoing and to allow the parties to attempt extrajudicial conciliation rather than go to court.

2

*EEOC v. Wilson Metal Casket Co.,* 24 F.3d 836, 839 (6th Cir. 1994).  Thus, the Court may hear

not only the claims specifically raised by the plaintiff in his administrative complaint, but any

claim that could reasonably be expected to grow out of those charges, so that the defendant

employer is on notice that such charges might be raised.  *Haithcock v. Frank*, 958 F.2d 671, 675

(6th Cir. 1992).  The administrative complaint is construed liberally, and the Court seeks to avoid

dismissing claims on the basis of technical pleading requirements, as long as the EEOC complaint

gives the defendant notice of the possible claim.  *Id*.

Brandon has produced copies of a filing by him with the Ohio Civil Rights Commission

alleging discrimination and a right-to-sue letter issued to him by the EEOC giving him the right to

sue under Title VII.  Doc. 1, 21.  Modine's primary argument in favor of its motion to dismiss is

that "[n]owhere in [Brandon's c]omplaint does he allege a timely filing with the EEOC, or any

filing at all, or a receipt of a right-to-sue letter from the EEOC."  Doc. 10-1 at 3.  Modine then

contradicts itself, admitting that "Brandon did attach a right-to-sue letter to his" first complaint.

*Id.*  Modine rests on the distinction between the basis for the right-to-sue letter ("Brandon's

protected Union activities") and the basis for the Title VII charge (Brandon's wrongful discharge

from employment by Modine).  Doc. 10-1 at 4.  This distinction, argues Modine, renders

Brandon's complaint procedurally defective.

This Court will go little further than to draw Modine's attention to the above-cited cases

which stand for the following proposition:

> In determining whether a plaintiff has properly raised his charges at the administrative
> level so as to permit subsequent federal court jurisdiction, the courts are guided by the
> principle that charges of discrimination, which are filed by lay complainants, should not
> "result in the restriction of subsequent complaints based on procedural technicalities or
> the failure of the charges to contain the exact wording which might be required in a
> judicial pleading." *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th
> Cir.1980); *Tipler v. E.I. DuPont de Nemours & Co.*, 443 F.2d 125, 131 (6th Cir.1971).
> Therefore, the administrative complaint should be liberally construed to encompass all
> charges "reasonably expected to grow out of the charge of discrimination." *EEOC v.
> Bailey Co.*, 563 F.2d 439, 446 (6th Cir.1977) (quoted in *McCall Printing*, 633 F.2d at
> 1235), *cert. denied*, 435 U.S. 915 (1978).

*Haithcock*, 958 F.2d at 675-76.

3

Brandon has produced, in his various filings, charges that adequately amount to charges of retaliation and employment discrimination that would be reasonably expected to grow out of the charges of discrimination encompassed by the right-to-sue letter issued to Brandon by the EEOC. The allegations are not nearly presented in perfect form, but, as discussed above, Brandon as a *pro se* litigant is entitled to some leniency.  Modine, on the other hand, is represented by able counsel and should have no problem sorting through the various complaints and briefs to discover that, contrary to Modine's assertion, Brandon has pled the elements of both retaliation and Title VII discrimination.  Modine's motion to dismiss is denied with regard to Brandon's claims of retaliation and Title VII discrimination.

Brandon's motion for leave to file an amended complaint is also hereby granted. Furthermore, the Court would encourage Brandon to take note of this decision and Modine's objections, and consider filing a pleading that lists the elements of retaliation and employment discrimination and explains, for the benefit of both parties and the Court, what allegations against Modine fit into the elements that constitute retaliation and discrimination.  *See* 42 U.S.C. § 2000e-3(a); *McDonnell Douglas Corp. v. Green*, supra; *Harrison v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1118 (6th Cir. 1996);  *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990).

**II. Brandon's Claim of Breach of Implied Contract Based on Disciplinary Policy**

Brandon also makes an allegation of breach of implied contract, an issue of state law over which this Court hereby exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Brandon claims that Modine's termination of his employment was done in such a manner as to violate Modine's disciplinary policy ("the policy").  The policy provides five steps of discipline: Step 1, Informal Discussion; Step 2, Documented Oral Warning; Step 3, Written Warning; Step 4, Final Warning; and Step 5, Termination.  Doc. 4 at 7.  Brandon claims that several of these steps were skipped over when he was given a final warning and terminated without first going through the lower steps.  The policy also provides, however, that "While the ... procedure is intended to be

4

progressive in nature, any infraction may be cause to invoke any step of the procedure at any time, depending on the circumstances or seriousness of the offense." *Id*.  Additionally, the policy was given to Brandon, and he signed for its receipt, with a notice attached.  The notice included the following in emphatic print: "The contents [of the accompanying employee handbook] are presented as a matter of information only and are not to be construed as a contract between [Modine] and its employees."  Doc. 10, Def. Ex. A, B (de-emphasized from original). Considering these facts, Brandon cannot show that an implied contract existed based on this disciplinary policy.[1]

Brandon was an at-will employee, not having signed an employment contract.  The existence of a progressive disciplinary policy that is not explicitly required to be followed is not enough to support a finding that an employee is not at-will and that an implied contract exists. *See Howell v. The Whitehurst Co.*, No. L-05-1154, 2005 WL 3078196 at *6-9, ¶ 34-56 (Ohio App. 6 Dist. Nov. 18, 2005) (discussing progressive disciplinary policy and the lack of a resultant implied contract for at-will employees).  Modine's motion to dismiss with regard to Brandon's allegation of breach of contract based on the policy is hereby granted.

### Conclusion

Modine's motion to dismiss (Doc. 11) is denied in part and granted in part.  Brandon's motion for leave to file an amended complaint (Doc. 21) is granted.

IT IS SO ORDERED.

                                 s/ *David A. Katz*
                                DAVID A. KATZ
                                U. S. DISTRICT JUDGE

---

[1]The policy, however, and its alleged violation may be an issue between the parties with regard to the discrimination and retaliation claims (i.e., whether Brandon was treated differently than similarly situated employees who were not members of the protected class).  This Court does not herein decide the relevance of the policy to these or other related issues.